UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSCOLA DIVISION

KEITH WROMAS, JR.,
FDOC Inmate #M09561,
      Plaintiff,

v.                              Case No. 3:25cv891/MW/ZCB

SERGEANT BARKER, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case brought under 42 U.S.C. § 1983.  (Doc. 1).  Having performed its screening obligation under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a), the Court believes dismissal is warranted because Plaintiff failed to accurately disclose his litigation history.

The prisoner civil rights complaint form requires a prisoner to disclose his prior litigation history.  The form must be signed under penalty of perjury.  The Eleventh Circuit has made clear that a prisoner's case may be dismissed without prejudice for failing to accurately disclose litigation history on the complaint form. *See, e.g.*, *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) (affirming dismissal of prisoner's

1

complaint where prisoner failed to identify two prior federal lawsuits).[1] Dismissal is appropriate, even if the prisoner claims that a misunderstanding caused his failure to accurately disclose his litigation history. *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed misunderstanding of the form).

Here, the complaint form required Plaintiff to disclose information regarding prior civil cases and appeals he had filed in state and federal

---

[1] A raft of Eleventh Circuit cases say the same thing. *See, e.g.*, *Allen v. Santiago*, No. 22-11946, 2023 WL 5745494, at *1 (11th Cir. Sept. 6, 2023) (affirming dismissal of *pro se* plaintiff's case as malicious because he failed to disclose all of his relevant prior litigation); *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant[s] dismissal under § 1915"); *Jones v. Szalai*, 778 F. App'x 847, 848 (11th Cir. 2019) (affirming dismissal of *pro se* plaintiff's case for malicious abuse of judicial process as an appropriate sanction for plaintiff's failing to disclose a prior case on the complaint form); *Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case as malicious because he misrepresented the number of cases he had previously filed in the district court); *Wynn v. Postal Serv.*, 735 F. App'x 704, 705 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case for abuse of the judicial process after he failed to disclose a habeas action because the habeas action fell "squarely within the complaint form's disclosure requirements").

courts.  (Doc. 1 at 13-17).[2]  Question B of the Prior Litigation section asked Plaintiff if he had "filed other lawsuits or appeals in **state or federal court** dealing with the same facts or issue involved in this case?" (*Id.* at 15).  Plaintiff answered "YES" in response to Question B and listed two federal lawsuits:  *Wromas v. Cruz, et al.*, No. 2:17cv155 (M.D. Fla.) and *Wromas v. Tuten*, 4:18cv209 (N.D. Fla.).  (*Id.*).

Question C asked Plaintiff if he had "filed any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?"  (*Id.* at 15).  Plaintiff answered "YES" in response to Question C and listed three federal lawsuits:  *Wromas v. Mursch*, No. 3:20cv2698 (N.D. Fla.), *Wromas v. Hunter*, No. 1:18cv20096 (S.D. Fla.), and *Wromas v. Cromartie*, 5:22cv33 (N.D. Fla.).  (*Id.* at 15-17).

At the end of the complaint form, Plaintiff signed his name after the following certification: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct."  (*Id.* at 17-18).  Plaintiff,

---

[2] The Court refers to the page numbers automatically assigned by the Court's electronic filing system.

3

therefore, certified that at the time he filed this case on June 20, 2025[3]
(*Id.* at 18), he had fully disclosed his litigation history.

The Court has screened Plaintiff's complaint under 28 U.S.C.
§§ 1915(e)(2)(B), 1915A to determine whether it is subject to dismissal
for any of the grounds listed in those provisions, including maliciousness.
Upon researching Plaintiff's litigation history, the Court has discovered
that Plaintiff failed to accurately disclose it.   According to the Public
Access to Court Electronic Records system (PACER), Plaintiff filed the
following undisclosed federal lawsuits and appeal before commencing the
current case:

- *Wromas v. Barker, et al.*, No. 3:25cv768 (N.D. Fla.) (filed on
  May 28, 2025);

- *Wromas v. Cromartie, et al.*, No. 5:25cv135 (N.D. Fla.) (filed
  on May 28, 2025); and

- *Wromas v. Tuten, et al.,* No. 21-11824 (11th Cir.) (filed on May
  18, 2021).

---

[3] *See Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (stating
that a "*pro se* prisoner's court filing is deemed filed on the date it is
delivered to prison authorities for mailing").

How does the Court know that this Keith Wromas and the Keith Wromas who filed the above lawsuits and appeal are the same person? The prisoner in the above lawsuits and appeal listed FDOC Inmate #M09561 on the pleadings. (Doc. 1 at 1, No. 3:25cv768 (N.D. Fla.); Doc. 1 at 1, No. 5:25cv135 (N.D. Fla.); Doc. 1-2, No. 21-11824 (11th Cir.)). Plaintiff has listed the same inmate number (#M09561) on his complaint in this case.[4]

In *Wromas v. Barker, et al.*, No. 3:25cv768 (N.D. Fla.), Plaintiff filed a civil rights complaint dealing with the same facts, issues, and defendants involved in this case. (Doc. 1, No. 3:25cv768 (N.D. Fla.)). Indeed, the complaints in both lawsuits are identical. The prior case was dismissed without prejudice for Plaintiff's failure to pay the filing fee or file an *in forma pauperis* motion with his complaint. (Doc. 3, No. 3:25cv768 (N.D. Fla.)). Because this lawsuit dealt with the same facts or issue involved in this case and was filed prior to the current case, it should have been disclosed in response to Question B of the complaint form. Yet Plaintiff failed to disclose it anywhere in his complaint.

---

[4] *See* Doc. 1 at 1.

5

In *Wromas v. Cromartie, et al.*, No. 5:25cv135 (N.D. Fla.), Plaintiff filed a civil rights complaint alleging two FDOC officials engaged in excessive force at Gulf Correctional Institution, and six other FDOC officials and a nurse failed to intervene and covered up the violation of his rights under the Eighth Amendment. (Doc. 1, No. 5:25cv135 (N.D. Fla.)). Because this lawsuit related to the conditions of Plaintiff's confinement in the FDOC and was filed prior to the current case, it should have been disclosed in response to Question C of the complaint form. Yet Plaintiff failed to disclose it anywhere in his complaint.

In *Wromas v. Tuten, et al.*, No. 21-11824 (11th Cir.), Plaintiff filed an interlocutory appeal of a district court order in a civil rights case alleging one FDOC official engaged in excessive force at Taylor Correctional Institution and two other officials failed to intervene and covered up the violation of his rights under the Eighth Amendment. (Doc. 1-2, No. 21-11824 (11th Cir.); Doc. 132, No. 4:18cv209 (N.D. Fla.)). Because this appeal related to the conditions of Plaintiff's confinement in the FDOC and was filed prior to the current case, it should have been disclosed in response to Question C of the complaint form. Yet Plaintiff failed to disclose it anywhere in his complaint.

6

The prior litigation portion of the complaint form serves important purposes. First, it permits efficient consideration of whether the prisoner is entitled to pursue the current action under the Prison Litigation Reform Act's "three strikes" provision. Second, it allows the Court to determine whether an action is related to, or otherwise should be considered in conjunction with, another lawsuit. Third, it enables the Court to determine whether any issues raised in the current action have been previously decided by another judge. These purposes are thwarted, and the efficiency of the judicial system diminished, when a prisoner misstates his litigation history on the complaint form.

Plaintiff's *pro se* status does not excuse him from following the rules, including the requirement that litigants be truthful with the Court. *See Kendrick*, 2022 WL 2388425, at *3 (stating that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant"). The Court is concerned that if misrepresentations on the complaint form are not met with consequences, then word will spread throughout the prisons that the complaint forms need not be truthfully completed. *See Strickland*, 739 F. App'x at 588 ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without

7

consequence.  It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources."); *see also Rodriguez v. Inch*, No. 4:19cv191, 2020 WL 3050231, at *1 (N.D. Fla. June 7, 2020) (Hinkle, J.) ("If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information.  If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose.").

As detailed above, Plaintiff—under penalty of perjury—misstated his prior litigation history.  Consistent with the Eleventh Circuit precedent previously cited, this matter should be dismissed without prejudice.[5]

Accordingly, it is respectfully **RECOMMENDED** that:

---

[5] Providing Plaintiff an opportunity to amend his complaint again to disclose the previous lawsuits and appeal would be an inadequate sanction.  *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (holding that district court did not abuse its discretion by not providing a prisoner with an opportunity to amend his complaint to disclose lawsuits that should have been disclosed initially); *see also Rodriguez*, 2020 WL 3050231, at *1 (stating that "dismissal without prejudice is not too severe a sanction" for failing to accurately disclose litigation history).

1.     This case be **DISMISSED without prejudice** as a malicious abuse of the judicial process under 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1).

2.     The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 1st day of July 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.